Exhibit "A"

PLD-PI-001

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>William D. Shapiro, Esq.        SBN: 085023<br>LAW OFFICES OF WILLIAM D. SHAPIRO<br>893 E. Brier Drive<br>San Bernardino, CA 92408<br>TELEPHONE NO: 909-890-1000        FAX NO. *(Optional):* 909-890-1001<br>E-MAIL ADDRESS *(Optional):* carrie@wshapiro.com<br>ATTORNEY FOR *(Name):* Plaintiffs Erik Schlueter and Rebecca Schlueter | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br><br>OCT 1 8 2021<br><br>BY_____ DEPUTY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO |
|---|
| STREET ADDRESS: 247 West Third Street |
| MAILING ADDRESS: 247 West Third Street |
| CITY AND ZIP CODE: San Bernardino, 92415-0210 |
| BRANCH NAME: San Bernardino District - Civil Division |

| PLAINTIFF: ERIK SCHLUETER and REBECCA SCHLUETER<br><br>DEFENDANT: SKYGROUP INVESTMENTS, LLC; IFLY HOLDINGS LLC<br>DBA IFH IFLY HOLDINGS, LLC; IFLY and DOES 1 to 100, Inclusive<br>☐ DOES 1 TO _____ | | CASE NUMBER:<br><br>CIV SB 2 1 2 9 6 2 3 |
|---|---|---|
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>☐ **AMENDED** *(Number):*<br>**Type** *(check all that apply):*<br>☐ MOTOR VEHICLE   ☒ OTHER *(specify):* Loss of Consortium<br>☐ Property Damage   ☐ Wrongful Death<br>☒ Personal Injury   ☐ Other Damages *(specify):* | | |
| **Jurisdiction** *(check all that apply):*<br>☐ ACTION IS A LIMITED CIVIL CASE<br>   Amount demanded ☐ does not exceed $10,000<br>                   ☐ exceeds $10,000, but does not exceed $25,000<br>☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint<br>   ☐ from limited to unlimited<br>   ☐ from unlimited to limited | | |

By Fax

1. Plaintiff *(name or names):* ERIK SCHLUETER and REBECCA SCHLUETER
   alleges causes of action against defendant *(name or names):* SKYGROUP INVESTMENTS, LLC; IFLY HOLDINGS LLC
   DBA IFH IFLY HOLDINGS, LLC; IFLY and DOES 1 to 100, Inclusive
2. This pleading, including attachments and exhibits, consists of the following number of pages: 21
3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   b. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | **COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death** | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder- |
|---|---|---|

PLD-PI-001

| SHORT TITLE: SCHLUETER v. SKYGROUP INVESTMENTS, LLC. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*

is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☒ **except defendant** *(name):* Skygroup Investments, LLC

  (1) ☐ a business organization, form unknown
  (2) ☐ a corporation
  (3) ☒ an unincorporated entity *(describe):*
    Limited Liability Company
  (4) ☐ a public entity *(describe):*

  (5) ☐ other *(specify):*

c. ☒ **except defendant** *(name):* iFLY

  (1) ☒ a business organization, form unknown
  (2) ☐ a corporation
  (3) ☐ an unincorporated entity *(describe):*

  (4) ☐ a public entity *(describe):*

  (5) ☐ other *(specify):*

b. ☒ **except defendant** *(name):* iFLY Holdings LLC dba IFH

  (1) ☐ a business organization, form unknown
  (2) ☐ a corporation
  (3) ☒ an unincorporated entity *(describe):*
    Limited Liability Company
  (4) ☐ a public entity *(describe):*

  (5) ☐ other *(specify):*

d. ☐ **except defendant** *(name):*

  (1) ☐ a business organization, form unknown
  (2) ☐ a corporation
  (3) ☐ an unincorporated entity *(describe):*

  (4) ☐ a public entity *(describe):*

  (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

a. ☒ Doe defendants *(specify Doe numbers):* 1-100 _____ were the agents or employees of other
  named defendants and acted within the scope of that agency or employment.

b. ☒ Doe defendants *(specify Doe numbers):* 1-100 _____ are persons whose capacities are unknown to
  plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

a. ☐ at least one defendant now resides in its jurisdictional area.
b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, and

a. ☐ has complied with applicable claims statutes, or
b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE:   SCHLUETER v. SKYGROUP INVESTMENTS, LLC. | CASE NUMBER: |
|---|---|

10.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    a.  ☐  Motor Vehicle
    b.  ☒  General Negligence
    c.  ☐  Intentional Tort
    d.  ☐  Products Liability
    e.  ☐  Premises Liability
    f.  ☒  Other *(specify):*  Gross Negligence

11.  Plaintiff has suffered
    a.  ☒  wage loss
    b.  ☐  loss of use of property
    c.  ☒  hospital and medical expenses
    d.  ☒  general damage
    e.  ☐  property damage
    f.  ☒  loss of earning capacity
    g.  ☒  other damage *(specify):* Loss of Consortium

12.  ☐  The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a.  ☐  listed in Attachment 12.
    b.  ☐  as follows:

13.  The relief sought in this complaint is within the jurisdiction of this court.

14.  Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a.  (1)  ☒  compensatory damages
        (2)  ☐  punitive damages
    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
    (1)  ☒  according to proof
    (2)  ☐  in the amount of: $

15.  ☐  The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: October 5, 2021

William D. Shapiro, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001(2)

| SHORT TITLE: SCHLUETER v. SKYGROUP INVESTMENTS, LLC. | CASE NUMBER: |
|---|---|

| FIRST | **CAUSE OF ACTION—General Negligence** | Page 4 |
|---|---|---|
| (number) | | |

ATTACHMENT TO  [X] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* ERIK SCHLUETER and REBECCA SCHLUETER

alleges that defendant *(name):* SKYGROUP INVESTMENTS, LLC; IFLY HOLDINGS LLC DBA 1FH IFLY
HOLDINGS, LLC; IFLY and DOES 1 to 100, Inclusive

[ ] Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):* November 5, 2019
at *(place):* iFLY located at 4510 Ontario Mills Pkwy, Ontario, California 91764.

*(description of reasons for liability):*

Plaintiffs' re-allege and incorporate by reference each and every paragraph above as though
fully set forth herein.
Defendants' failure to properly guide, maneuver,  spot, train, assist and/or provide 1 on 1 session
services for "indoor skydiving", demonstrates a lack of any care or an extreme departure from
what a reasonably careful person would do in the same situation to prevent harm to oneself or to
others. A person can be grossly negligent by acting or by failing to act. CACI 425.
By making the claims that Defendants have made in both its promotional materials/website and
the representations made by its staff and agents, ensuring there is no danger to the public as well as
directly to Plaintiff Erik Schlueter, it has induced reasonable reliance on their statements by
Plaintiff Erik Schlueter.
Inducing the reliance of Erik Schlueter into believing there was no danger in any part of a 1 on
1 session with a "world class trainer" is an extreme departure from what a reasonable people do.
The amount of care demanded by Defendants for a 1 on 1 session with Defendants' iFLY employee
is very high as it is in proportion of the high level of danger associated with indoor skydiving
coupled with the repeated representations and inducement created by Defendants both in their
promotional materials/website as well as their staff and agents, in representing to the public and
Erik Schlueter "yes, it is safe. Hass v. RhodyCo Productions (2018) 26 Cal.App.5th 11, 32.
The failure of Defendants "world class" iFLY 1 on 1 session employees to properly be set
before sending Plaintiff, over in a vertical position substantially and/or unreasonably increased the
inherent risk of indoor skydiving especially after the representations made to Plaintiff in the
promotional materials/website and made by Defendants' iFLY employees and agents who spoke
with Plaintiff Erik Schlueter never indicating any danger, and assuring it is safe. Anderson v.
Fitness Internat., LLC (2016) 4 Cal.App.5th 867, 881.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SCHLUETER v. SKYGROUP INVESTMENTS ET AL. | |

**ATTACHMENT** *(Number):*    2

*(This Attachment may be used with any Judicial Council form.)*

SECOND CAUSE OF ACTION - GROSS NEGLIGENCE
(AS TO ALL DEFENDANTS)

Plaintiffs re-allege and incorporate by reference each and every paragraph above in Exhibit "A" as though fully set forth herein.

Defendants failure to properly guide, maneuver, spot, train, assist and/or provide 1 on 1 session services for " indoor skydiving " , demonstrates a lack of any care or an extreme departure from what a reasonably careful person would do in the same situation to prevent harm to oneself or to others. A person can be grossly negligent by acting or by failing to act. CACI 425.

By making the claims that Defendants have made in both its promotional materials/website and the representations made by its staff and agents, ensuring there is no danger to the public as well as directly to Plaintiff Erik Schlueter, it has induced reasonable reliance on their statements by Plaintiff Erik Schlueter.

Inducing the reliance of Erik Schlueter into believing there was no danger in any part of a 1 on 1 session with a "world class trainer" is an extreme departure from what a reasonable people do. The amount of care demanded by a 1 on 1 session by Defendants' iFLY employee is very high as it is in proportion of the high level of danger associated with indoor skydiving coupled with the repeated representations and inducement created by Defendants both in their promotional materials/website as well as their staff and agents, in representing to the public and Erik Schlueter "yes, it is safe." Hass v. RhodyCo Productions (2018) 26 Cal.App.5th 11, 32.

The failure of "world class" Defendants' iFLY 1 on 1 session employees to properly be set before sending Plaintiff Erik Schlueter, over in a vertical position substantially and/or unreasonably increased the inherent risk of indoor skydiving especially after the representations made to Plaintiff in the promotional materials/website and made by Defendants' employees and agents who spoke with Plaintiff Erik Schlueter never indicating any danger, and assuring it is safe. Anderson v. Fitness Internat., LLC (2016) 4 Cal.App.5th 867, 881.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page   5   of   6

*(Add pages as required)*

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE:<br>SCHULETER v. SKYGROUP INVESTMENTS ET AL. | CASE NUMBER: |
| --- | --- |

ATTACHMENT *(Number):*  ____3____

*(This Attachment may be used with any Judicial Council form.)*
## THIRD CAUSE OF ACTION - LOSS OF CONSORTIUM
### (AS TO ALL DEFENDANTS)

Plaintiffs' re-allege and incorporate by reference each and every paragraph in Exhibit "A" as though fully set forth herein.

Plaintiff Rebecca Schlueter is the lawful spouse of Plaintiff Erik Schlueter adn has been his spouse at all times relevant to this Complaint.

As a direct and proximate result of the negligence and other culpable conduct of Defendants, and each of them, Plaintiff Rebecca Schlueter has suffered, is suffering and continues to suffer a loss of consortium as a direct result of the serious and severe personal injuries her lawful and loving husband, Erik Schlueter, suffered.

The claim of Plaintiff Rebecca Schlueter for her loss of consortium includes all recoverable damages and injuries.  that the valve of the injuries suffered by Rebecca Schlueter exceed the jurisdictional minimum of this Court.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page  6  of  6

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2000]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

EXHIBIT "A"

*ERIK SCHLUETER, ET AL. v. SKYGROUP INVESTMENTS, LLC, ET AL.*   Page 1
*San Bernardino Superior Court*

**GENERAL ALLEGATIONS**

1.      That for many years before November 5, 2019, Defendants, SKYGROUP INVESTMENTS, LLC; IFLY HOLDINGS LLC DBA IFH IFLY HOLDINGS, LLC; iFLY and Does 1-100 (hereinafter collectively referred to as "Defendants") have been in the worldwide business of promoting, inviting and providing public participation in *indoor skydiving*. That at all times mentioned herein, Defendants represented to the American public (herein public) including Plaintiffs Erik Schlueter and Rebecca Schlueter (hereinafter collectively referred to as "Plaintiffs"), the following as alleged herein these General Allegations. Defendants represented to the public and Plaintiffs indoor skydiving may simulate real skydiving.  However, Defendants confirm to the public and Plaintiffs indoor skydiving is *not* like going skydiving, stating in their promotional information, *"When you go skydiving, you jump and then fall several thousand feet. At iFLY, you don't jump or fall, you fly gently on a cushion of air."* In indoor skydiving, *"There is no sensation of falling."* (https://www.iFLYworld.com/discover/what-to-expect)

2.      That as to safety, Defendants represented to the public and Plaintiffs, *"Is it safe?"* stating and representing, *"Yes,"* going on to state and represent it's safe for, *"Ages 3-103 (Seriously) . . . for people of all ages, shapes, sizes and abilities."* (https://www.iFLYworld.com/discover/what-to-expect) That Defendants' iFLY website and promotional material goes on to state and represent, *"We offer a safe and awesome experience for all flyers. Flyers can be as young as 3 years old. There is no upper age limit. Even people over 100 years old have flown with us. No experience is needed."* (https://www.iFLYworld.com/ discover/what-to-expect) *"No skill required. You don't need to be athlete or in the best shape of your life. Anyone can fly!* (https://www.iFLYworld.com/ discover/faq) *". . . it's for "Kids, teens, adults and seniors, Ages 3-103."* (https://www.indoorskydivingsource.com/tunnels/iFLY-ontario) Defendants' iFLY further represents to the public and Plaintiffs herein, *"There's no jumping, no falling, and no experience is needed. You simply float on a column of air. There is no sensation of falling."* (https://www.iFLYworld.com/discover/faq)

3.      That Defendants' stated and represented to the public and Plaintiffs how iFLY provides *"Personal Coaching Classes Receive 1 on 1 personal instruction where an iFLY instructor will coach you during private lessons"* (https://www.iFLYworld.com/discover/instructors) *"Receiving coaching from a world-class iFLY instructor is the fastest way for you to improve your flying skills and the most rewarding way to learn."* (https://www.iFLYworld.com/programs/coaching/#/gf_1)

4.      That in their promotional material and website, Defendants represented and stated to the public and Plaintiffs, as to the safety of *"indoor skydiving, "Yes"* it's safe, reassuring the public and Plaintiffs, *"WHY IS INDOOR SKYDIVING SAFE?  IFLY instructors: [Our] highly trained, world-class iFLY instructor stands in the tunnel by your side and personally guides you through the experience.* (https://www.iFLYworld.com/discover/what-to-expect) *"Is it safe? Yes, your safety is our primary concern. Our unique design with its wall-to-wall air column, along with our certified and highly trained instructors, allows you to safely enjoy your flight*

*ERIK SCHLUETER, ET AL. v. SKYGROUP INVESTMENTS, LLC, ET AL.*     Page 2
*San Bernardino Superior Court*

*session. Your flight instructor is with you through your entire flight experience regardless of your level of experience."* (https://www.iFLYworld.com/discover/faq)

5.      That with regard to the *"1 on 1"* coaching, Defendants represented to the public and Plaintiffs including Plaintiff Erik Schlueter, *"EACH COACHING SESSION INCLUDES 10 minutes of individual flight time with coaching from one of our instructors."* (https://www.iFLYworld.com/programs/coaching/#/gf) *"safety is the most important part of indoor skydiving. That's why the entire staff at iFLY is trained to make sure your experience is five stars,"* (https://www.iFLYworld.com/discover/what-to-expect) *"certified and highly-trained instructors, allows you to safely enjoy your flight session." "Your flight instructor is with you through your entire flight experience regardless of your level of experience.* (https://www.iFLYworld.com/discover/faq)

6.      That Defendants not only emphasizes safety in their promotional material including their iFLY website, such material published to the public and Plaintiffs including Erik Schlueter, includes many photographs of instructors in the tunnel doing what they say, guiding and spotting participants with their hands in place, the instructors *personally guiding them by their side through the experience*, Defendants describe how their equipment provides ample air, *"to keep a person safely floating."* Defendants' IFLY website explains, *"What is a wind tunnel? Very simply, a wind tunnel is a machine that moves a lot of air. A vertical wind tunnel, which is what we use at iFLY, moves air in a vertical column at speeds high enough to keep a person safely floating."* (https://www.iFLYworld.com/discover/faq) Defendants go on, *"How does it work? A vertical wind tunnel has fans at the top to draw air through the flight chamber and then push it back down the sides through Return Air Towers. That leads to an inlet contractor that compresses & speeds up the air before it reenters the flight chamber. The result: a smooth column of air that enables you to fly."* (https://www.iFLYworld.com/discover/faq)

7.      That Defendants expressly stated to the public and Plaintiffs, *"safety our primary concern. Our unique design with its wall-to-wall air column, along with our certified and highly trained instructors, allows you to safely enjoy your flight session. Your flight instructor is with you through your entire flight experience regardless of your level of experience."* (https://www.iFLYworld.com/discover/faq)

8.      That Defendants published to the public and to Plaintiffs in their promotional material including their IFLY website, many photographs and videos of people, including fully grown adults completely vertical in an upside-down position in the *"wall-to-wall column."* That by Defendants showing these images, they induced and enticed the public including Plaintiffs, inviting them, wanting them to do and to attempt and perform these maneuvers as are shown. That while learning such maneuvers, Defendants represented their IFLY instructors would be by the side of those participating, being there to safely guide them. That Defendants show, demonstrate and represent in their promotional material including their website that when a person is vertical in an upside down vertical position, how there is ample air speed to keep a person *on a smooth column of air that enables you to fly safely floating.*

*ERIK SCHLUETER, ET AL. v. SKYGROUP INVESTMENTS, LLC, ET AL.*                    *Page 3*
*San Bernardino Superior Court*

9.    That Defendants published the images shown below, Photograph/Exhibit 1, Photograph/Exhibit 2, Photograph/Exhibit 3, publishing to the public including Plaintiffs, that what Defendants state and promote on their iFLY website and promotional material is true, that these maneuvers can be safely done, that there really is ample air speed to keep a person on a smooth column of air that enables them to fly safely floating. That at all times mentioned herein, Defendants included all the above statements, representations and photographs in the web site and promotional material for their iFLY facility located in Ontario, California.

10.    That like other people who viewed Defendants' iFLY website and promotional material, Plaintiff Erik Schlueter viewed these things and believed them to be true as iFLY so stated and represented it as being true. *That three samples of the photos and still shots of videos on Defendants' iFLY website are set forth in the below exhibits 1, 2 and 3.*



**Website Photograph/Exhibit 1**

*ERIK SCHLUETER, ET AL. v. SKYGROUP INVESTMENTS, LLC, ET AL.*     *Page 4*
*San Bernardino Superior Court*



Website Photograph/Exhibit 2



Website Photograph/Exhibit 3

11.     That as can be seen in Photograph/Exhibits 1-3 which were copied from Defendants' iFLY website, Ontario, CA location which iFLY posted for the public including Plaintiffs to see, Defendants' depicted how there is ample air speed upward to keep a full-grown adult participant vertical, without falling just as Defendants' iFLY website stated and represented.

12.     That Plaintiff Erik Schlueter, like many others, saw Defendants' iFLY website and promotional materials and images including those shown in photograph/Exhibit 1-3 and in addition, Plaintiff Erik Schlueter spoke to the employees and agents of the Defendants' iFLY in Ontario, CA who confirmed to him that there was ample air speed in the tunnel for him to be in a vertical position and remain in the air. That Plaintiff Erik Schlueter believed Defendants' statements and representations that there would be enough air and air speed to hold a person in these positions as well as the statements and representations that performing these activities such as becoming vertical in the tunnel was safe with no sensation of falling and that their world class instructors would be right next to him if he attempted such maneuvers.  That Plaintiff Erik Schlueter believed, Defendants' representations and assurances the activities represented were literally "safe for Ages 3-103," that a person doesn't have to have any experience, safe even if you're not in the best of shape, such representations being confirmed in the photographs of little children and adults throughout the website.

13.     That Plaintiff Erik Schlueter took particular note and ***totally relied upon the express statements and representations in iFIY's promotional materials and website*** wherein they expressly stated and stressed their "world class flight instructors" would be with Plaintiff Erik Schlueter through his entire flight experience standing in the tunnel by his side personally guiding him through the experience regardless of his level of experience. That Plaintiff Erik Schlueter did not see one place on this entire website or in any promotional materials that stated participating in the iFLY activity is dangerous.

14.     That plaintiff Schlueter ***relied upon the representations and statements of Defendants' iFLY employees and agents*** who likewise represented and told Plaintiff Erik Schluter that an instructor would be by his side in the tunnel while he attempted all maneuvers including becoming vertical and that such instructors would be there by his side to spot him and direct him while he was attempting such maneuvers.

15.     That Defendants' having published photos and videos of people in the tunnel in a totally vertical position with their feet in the air and head pointed directly down, Defendants represented to the public including Plaintiffs Erik Schluee and all who view their website and saw their promotional material that what Defendants represented was true, that there really is more than enough air speed to keep a person safely floating, even if they become vertical like in the photos. That it was clear to Plaintiff Erik Schlueter as well as many parents of 3 year old's, to 90 or 100 year old's such an activity as Defendants stated, was safe, it is really not like going real skydiving, at iFLY, ***you don't jump or fall***, there is ample air speed, ***you fly gently on a cushion of controlled air,***" https://www.iFLYworld.com/ discover/what-to-expect) with an instructor right there to guide you.

16.     That on or about November 5, 2019, Plaintiff Erik Schlueter, then 65 years of age, went to Defendants' iFLY facilities in Ontario, CA and inquired about indoor skydiving. That the employees and instructors told him all the things that were represented in the Defendants' iFLY website as herein alleged. *That relying upon all the assurances of safety, Plaintiff Erik Schlueter became a participant in indoor skydiving.*

17.     That on November 5, 2019, in the afternoon, Plaintiff *Erik Schlueter went to Defendants' iFLY facilities in Ontario, CA to participate in a 1 on 1 indoor skydiving coaching session*. That on this date, plaintiff Erik Schlueter spoke to one of Defendants' iFLY instructors about Plaintiff Erik Schlueter performing maneuvers. That this would result in his body becoming vertical and he was assured this was a safe maneuver as there was ample air speed and instructor for him to perform the rotation as well as stay in the air if his body became vertical.

18.     That just as was represented on the website, the *instructor told Plaintiff Erik Schlueter that he would be right there in the tunnel right next to and right by his side to guide and spot him* making sure he maintained a safe position. That coupled with what was stated on the website and promotional material, Plaintiff Erik Schlueter relied upon these statements and reassurances made by Defendants' iFLY instructor and relied upon the instructor to be by his side to guide and spot him and to keep him in a safe position.

19.     That on at or about November 5, 2019, Erik Schlueter entered Defendants' iFLY in Ontario, CA tunnel for a *1 on 1 coaching session* with one of Defendants' iFLY instructors. That Plaintiff Erik Schluter began to perform a rotation maneuver he discussed with the instructor before entering the tunnel. *On the initial 5 times Plaintiff Erik Schlueter performed the rotation maneuver, as he said he would be, the iFLY instructor was in the tunnel right and was in the proper safe  position being right by Plaintiff's side to where he could and did reach out and guide and spot Plaintiff Erik Schluter keeping him in a safe position.*

20.     Tragically, on the 6th effort, Defendants' iFLY instructor was not in the proper position, he did not remain in a position next to Plaintiff Erik Schluter and when Plaintiff Erik Schlueter went out of position, and because the instructor was not right next to Plaintiff Erik Schlueter, when the instructor reached out to guide and spot Plaintiff Erik Schlueter, the instructor could not reach or touch Plaintiff. *When Plaintiff's body went into a vertical position with iFLY instructor being out of position and unable to reach, guide or spot Plaintiff Erik Schlueter, he got in a vertical position and with no one spotting him and there not being ample air speed to keep him in the air, plaintiff Erik Schlueter's body fell directly upon his head, fracturing his neck, suffering Cervical 3-4 quadriplegic injuries.*

21.     *That Defendants captured a video of this tragic incident which shows the outstretched arms of the 1 on 1 coach, the Defendants' iFLY instructor who was out of position.  That even though safety was to be Defendants' primary concern, the safety of Erik Schlueter was completely compromised.* As described below, the *1 on 1 world class instructor* who was to have been standing in the tunnel personally guiding him through the experience was not in

position to provide the needed guidance assuring the rotation was safely completed. What Defendants represented, what Plaintiff Erik Schlueter paid for and expected, that the instructor would be there to guide him did not happen. That as can be seen in the Schlueter 1 on 1 coaching session video captured on the date of the incident, the Defendants' iFLY instructor was supposed to be next to Plaintiff Erik Schlueter by his side guiding and spotting him during the back to front maneuver, was not there on the 6th occasion.

22.       As can be seen on the video, 65-year-old novice Erik Schlueter, walked into the tunnel with Defendants' iFLY instructor. *The video shows at 00.27 (below) the instructor in proper position next to Plaintiff with his hands spotting Erik Schlueter, Plaintiff performs the maneuver going from his back rotating to his front.* That as seen on the video, the instructor has his hands in position to make sure Erik Schlueter continues his rotation similar to a gymnast instructor/coach would be next to a gymnast working on a rotational maneuver in gymnastics. The instructor was guiding and spotting Plaintiff Erik Schlueter with his hands in place, right there to make sure Plaintiff's head and body rotates safely around. That the instructor was trained and knew the importance of being in position to guide and spot Plaintiff knowing it could be devastating if it doesn't.

23.       That Defendants' iFLY instructor knew until Plaintiff Erik Schlueter became proficient at such a maneuver, how critical it was that an instructor be right next to Plaintiff Erik Schlueter to make certain his head and body rotation was safely made. *That on that first rotation at 00.27 (27 seconds into the video), like a gymnast instructor, Erik Schlueter's instructor was in the tunnel, next to him, hands in position to guide, in fact guiding his head rotation through the entire experience.* That this is what Erik Schluter was advised would happen, this is what he expected, this is what Defendants' website said would happen and with the instructor attentive and in position, this is what did happen.

*ERIK SCHLUETER, ET AL. v. SKYGROUP INVESTMENTS, LLC, ET AL.*                    *Page 8*
*San Bernardino Superior Court*



**Schlueter Video / Exhibit 5**

**Schlueter Video / Exhibit 4**

**BACK TO FRONT   #1**
**00.27**
**INSTRUCTOR IN POSITION,**
**IS "GUIDEING" WITH**
**HAND**
**MAKE SURE HEAD COMES**
**AROUND**

**Schlueter Video / Exhibit 6**

24.     *That as can be seen in the still photographs take from the Erik Schluter video, (above Exhibits 4, 5,  and 6) on that first maneuver,* the instructor was in position next to him again literally guiding his body of this novice making sure his body safely rotated completely around.

25.     That as the Erik Schlueter video continues, with maneuvers 2-5 (as timestamps to Exhibits indicate below as follows), whereby the instructor is in proper position next to Erik Schlueter, in position with his hands doing as he was supposed to do, guiding Erik Schlueter's rotation safely and completely around. Like a safety net to the high wire walker, that instructor was there on maneuvers 1-5.

2nd maneuver (Exhibit 7 and 8)(00.42- 00.42),

3rd maneuver (Exhibit 9 and 10) (00.56-00.57),

4th maneuver (Exhibit 11, 12 and 13) (1.10)

5th maneuver (Exhibit 14, 15, and 16) (1.25-1.26)

*ERIK SCHLUETER, ET AL. v. SKYGROUP INVESTMENTS, LLC, ET AL.*      *Page 9*
*San Bernardino Superior Court*



Schlueter Video / Exhibit 7

**BACK TO FRONT    #2**
**00.44**
**INSTRUCTOR IN POSITION,**
**IS "GUIDEING" WITH HAND**
**MAKE SURE HEAD COMES**
**AROUND**

Schlueter Video / Exhibit 8

Schlueter Video / Exhibit 9

**BACK TO FRONT    #3**
**00.56 -00.57**
**INSTRUCTOR IN POSITION,**
**IS "GUIDEING" WITH HAND**
**MAKE SURE HEAD COMES**
**AROUND**

Schlueter Video / Exhibit 10



Schlueter Video / Exhibit 11

Schlueter Video / Exhibit 12

Schlueter Video / Exhibit 13

**BACK TO FRONT    #4**
**01.10**
**INSTRUCTOR IN POSITION,**
**IS "GUIDEING" WITH HAND**
**MAKE SURE HEAD COMES**
**AROUND**

Schlueter Video / Exhibit 14

Schlueter Video / Exhibit 15

**BACK TO FRONT    #5**
**01.25; 1.266**
**INSTRUCTOR IN POSITION,**
**IS "GUIDEING" WITH HAND**
**MAKE SURE HEAD COMES AROUND**

Schlueter Video / Exhibit 16

*ERIK SCHLUETER, ET AL. v. SKYGROUP INVESTMENTS, LLC, ET AL.*            Page 11
*San Bernardino Superior Court*

26.      *That however as the 6th maneuver began, Defendants' iFLY instructor was not in proper position next to Plaintiff Erik Schlueter to be able to assist Plaintiff.* As Plaintiff Erik Schluter's body rotated where his body was in the position where he needed to be guided to complete the rotation, the instructor not being by Plaintiff's side, Defendants' instructor's hands were too far away to touch, guide or assist Plaintiff; that being out of position, the instructor was not able to guide Plaintiff to assure he continued to rotate.  During the rotation on the 6th maneuver when Erik Schlueter's body became in a vertical position, his body did not continue to rotate. It is this position where it is critical the instructor be in proper position to guide and assist the rotation, similar to a gymnast instructor assisting a gymnast to rotate in a maneuver. As the instructor was out of position and too far away to reach, touch or guide Plaintiff to continue to rotate, the iFLY instructor was unable and did not guide Plaintiff to continue to rotate. Defendants' instructor being completely out of position unable to and failing to provide the necessary guidance to continue Plaintiff's rotation, Plaintiff Schlueter's body vertical and not rotating, fell headfirst, landing with the entire weight of Plaintiff's body coming down on his head and neck. He suffers catastrophic spinal injuries resulting in him being permanently paralyzed from the neck down. That the empty outstretched arms and hands of defendant's instructor confirms the instructor knew he was out of position. That Plaintiff Erik Schlueter suffered permanent catastrophic quadriplegic injuries as a direct result of Defendants' iFLY instructor being out of position and unable to guide Plaintiff through the rotation. That the images Exhibit 17, 18 and 19 shown below captured at 1.37 and 1.38 show the above described 6 maneuver events.



Schlueter Video / Exhibit 17

1.37, 1.38

BACK TO FRONT   #6
01.37; 1.38
INSTRUCTOR OUT OF POSITION,
NOT "GUIDEING" HAND NOWHERE
NEAR . . .
HEAD COMES DIRECTLY DOWN

Schlueter Video / Exhibit 18

27.     *That just like a gymnast performing a rotational maneuver expects their instructor to guide and spot them around the rotation when learning such a maneuver, Schlueter expected his instructor to do as he stated he would, that is to be by his side and guide him around the rotation of the maneuver.* That the maneuver Plaintiff Erik Schlueter was doing was a maneuver that required Defendants' instructor to be by his side, in position guiding Plaintiff. That Erik Schlueter would never have attempted this maneuver without the representations of the instructor that he would be right by his side, to guide him around to make sure Plaintiff rotated safely and completely around. That Plaintiff Erik Schlueter relied upon the representations of Defendants' iFLY website and promotional materials as well as the express comments of Defendants' instructor that the instructor would be by his side through the experience, guiding Plaintiff around. That Defendants and their instructor knew Erik Schlueter was relying on Defendants' instructor to be by his side to guide him around and in addition to reasonably relying on the instructor being there, Plaintiff expected the instructor to be there.

28.     *That Defendants and their instructor fully understood and appreciated Plaintiff Erik Schlueter expected and was relying on Defendants' instructor being there by his side to guide his rotation, that Defendants and their instructor knew and appreciated Plaintiff Erik Schlueter and relied on the instructor being there to guide him.* That it was the job and duty of Defendants' instructor in a 1 on 1 session to be by Plaintiff's side to guide him through the experience safely. Plaintiff absolutely expected and completely relied on Defendants' instructor to be his guide, his safety net.

29.     *That at no time did Plaintiff Erik Schlueter ever assume any risk that Defendants' instructor would not be by his side guiding him through the experience as Defendants represented and as the iFLY instructor told Plaintiff.* To the contrary, Plaintiff reasonably expected Defendants' instructor to be by his side, in position to guide his safe rotation.

30.     *That as a direct result of Defendants' instructor not being in proper position, not being in the position to touch, guide and safely spot Plaintiff Erik Schlueter's rotation, it was Defendants' instructor who created the risk of injury in this case.* By not being in position to safely guide and assist Plaintiff, it was the Defendants' instructor who completely increased and greatly compounded any risks inherent in the activity. Defendants and their instructor greatly increased any risk of injury.

31.     *That in addition to expecting the Defendants' instructor's guidance, Plaintiff Erik Schlueter also expected and reasonably relied on Defendants to provide him more than enough air speed to keep him safely in the air.* Plaintiff Erik Schlueter saw the videos and photos on Defendants' iFLY website which shows full-grown adult men, completely vertical upside down and they don't fall. As Defendants' website states, these men have no sensation of falling. Plaintiff Erik Schlueter being age 65 and not exceeding 260 pounds, Plaintiff was a person Defendants stated was qualified to participate in their activity. Not only did Erik Schlueter have no idea Defendants' instructor would not be in proper position to guide him through rotation, that Plaintiff had no idea there would not be enough air speed to hold you up.

*ERIK SCHLUETER, ET AL. v. SKYGROUP INVESTMENTS, LLC, ET AL.*　　　　　*Page 13*
*San Bernardino Superior Court*

32.　　The images on Defendants' promotional website (Below Exhibit 20 and 21) shows grown men in a vertical position staying in the air, consistent with Defendants' representations there is ample air speed. These website images showing grown men staying vertical in the air differ greatly from the images on the Erik Schlueter video which show when Plaintiff Erik Schluter became vertical, seen in Exhibit 22 there was not ample air speed to keep him safely floating, the opposite, Plaintiff falls directly on his head suffering C-3 cervical spinal cord injuries shown in Exhibit 23.

iFLY **WEBSITE SHOWING PEOPLE VERTICAL**　　　**SCHLUETER VERTICAL . . . IMPACT**



Website Photograph  / Exhibit 20

Schlueter Video /Exhibit 22

Website Photograph  / Exhibit 21

Schlueter Video /Exhibit 23

33.　　*It will take testing of the "wind tunnel", as well as examination of all maintenance records and manufacturers specifications of the tunnel and related structures to determine just how much "air speed" was present as opposed to how much was actually there in that fateful wind tunnel.* In any case, there was not enough air speed and he did not "fly gently on a cushion of controlled air."

*ERIK SCHLUETER, ET AL. v. SKYGROUP INVESTMENTS, LLC, ET AL.*      *Page 14*
*San Bernardino Superior Court*

34.     *That the devastating quadriplegic and other injuries suffered by Plaintiff Erik Schlueter*
*that day are permanent to Erik Schlueter and the catastrophic injuries to Plaintiff Erik*
*Schlueter resulted in catastrophic loss of consortium injuries, damages and losses to his lawful*
*wife, Plaintiff Becky Schlueter.* With both his upper and lower extremities completely
paralyzed, Plaintiff Erik Schlueter has no ability to move below the neck, that he is 100%
disabled and in need of extensive medical and attendant care 24 hours a day, 7 days a week,
medical and attendant care that is being provided by his wife, Plaintiff Becky Schlueter.

35.     *That as a result of the loss of consortium injuries, damages and losses suffered by*
*Plaintiff Becky Schlueter, she is left with performing all household and all other needs of the*
*family.* That Plaintiff Becky Schlueter has suffered the loss of love, companionship, comfort,
care, assistance, protection, affection, society, moral support, enjoyment of sexual relations
and the enjoyment of the family and life she knew and had before the happening of this tragic
episode.